Vacated by Supreme Court, January 24, 2005

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

No. 04-4011

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROBERT ALTON HARRIS,

Defendant - Appellant.

---

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Robert C. Chambers, District Judge. (CR-03-18)

---

Submitted: July 9, 2004                    Decided: July 30, 2004

---

Before TRAXLER and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Andrew J. Katz, THE KATZ WORKING FAMILIES LAW FIRM, L.C., Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, Stephanie L. Haines, Assistant United States Attorney, Huntington, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Robert Alton Harris appeals his sentence, following a guilty plea to transmitting a threatening communication, in violation of 18 U.S.C. § 876 (2000). The district court sentenced Harris to forty-one months of imprisonment, to be followed by a three-year term of supervised release. Harris contends that the district court clearly erred in denying his request for a downward sentencing adjustment for acceptance of responsibility, pursuant to U.S. Sentencing Guidelines Manual § 3E1.1 (2003). Harris also requests a remand to the district court for a new sentencing hearing based on a violation of Brady v. Maryland, 373 U.S. 83 (1963). Finding no reversible error, we affirm.

A district court's determination as to the defendant's acceptance of responsibility is a factual question reviewed for clear error. United States v. Ruhe, 191 F.3d 376, 388 (4th Cir. 1999). The burden is on the defendant to establish by a preponderance of the evidence that he is entitled to the adjustment. United States v. Urrego-Linares, 879 F.2d 1234, 1238-39 (4th Cir. 1989). A guilty plea does not automatically entitle a defendant to a reduction for acceptance of responsibility. See USSG § 3E1.1, comment. (n.3). A defendant may not be entitled to a sentencing adjustment for acceptance of responsibility if the defendant engages in conduct inconsistent with acceptance of responsibility. Id. Although Harris admitted that he sent a

- 2 -

threatening communication to his wife, two witnesses testified that Harris made additional threats against his wife and others involved in his case even after he pled guilty.  Thus, the district court did not clearly err in concluding that Harris's conduct after he pled guilty was inconsistent with acceptance of responsibility. Further, because we find no <u>Brady</u> violation, we decline Harris's request to remand the case to the district court.

Accordingly, we affirm Harris's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>